UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Esurance Property and Casualty
Insurance Company,

             Plaintiff,

v.

Samuel Johnson, Lavelle
Whitaker, Clora Funeral &
Cremation Services, LLC,
Selective Insurance Company of
America, Will Wright, Jamaal
Wright, and Jasmine Gary,

             Defendants.

_____/

Case No. 16-cv-11880

Judith E. Levy
United States District Judge

Mag. Judge Elizabeth A. Stafford

# OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [44]

This case arises out of a car accident that occurred during a funeral procession. Plaintiff Esurance Property and Casualty Insurance Company ("Esurance") insured defendant Lavelle Whitaker and a car involved in the accident. It now brings this action seeking a declaratory judgment that the present facts trigger an exception to the insurance policy, barring liability coverage and extinguishing

Esurance's obligation to provide a legal defense in this case. Esurance now moves for summary judgment on that question. For the reasons set forth below, the motion is denied.

I. Background

Defendants Will Wright, Jamaal Wright, and Jasmine Gary filed suit in Wayne County Circuit Court on January 7, 2016, seeking remedy for injuries sustained in a car accident that occurred on January 10, 2015. (Dkt. 44 at 78-93.) Plaintiff alleges here, and Gary, Will Wright, and Jamaal Wright allege in the state court action, that defendant Lavelle Whitaker allowed defendant Samuel Johnson to drive his "covered vehicle" in a funeral procession put on by defendant Clora Funeral Homes ("Clora") as part of Johnson's employment with Clora. (Dkt. 1 at 4; Dkt. 44 at 80.) While driving Whitaker's vehicle, Johnson allegedly caused a car accident, injuring Gary, Will Wright, and Jamaal Wright. (*Id.*) The state court complaint includes claims for negligence against the driver of the car, Johnson, owner's liability and negligence against the owner of the car, Whitaker, (*Id.* at 80-84), and

first party benefits under Whitaker's insurance policy on the car, issued by plaintiff.[1]  (*Id.* at 90-93.)

Plaintiff further alleges that because defendant Johnson drove Whitaker's car in the course of his employment, an exclusion to Whitaker's car insurance policy with plaintiff applies in this case to exempt it from any obligations owed to Johnson and Whitaker. (Dkt. 1 at 4.)  According to plaintiff, the insurance policy it sold Whitaker, PAMI-005014372 (Dkt. 44 at 95-135), does not apply when the "covered vehicle" is used for business purposes.  (Dkt. 1 at 4.)  Specifically, the insurance policy at issue states:

> **EXCLUSIONS FOR PART I: LIABILITY COVERAGE**
> 1. *"We"* have no duty to defend and do not provide Liability Coverage for an *"insured"*:
> …
>> H. Maintaining or using any vehicle while that *"insured"* is employed or otherwise engaged in any *"business"* (other than fishing or ranching).  This Exclusion **1.H.** does not apply to business use of a *"covered auto"* by an *"insured"* that has been disclosed to *"us"* and for which all applicable premiums have been paid.
>
> (Dkt. 44 at 105-6.) (emphasis added) ("Exclusion 1.H")

---

[1] Defendants Whitaker and Johnson have both failed to appear in this case, and default judgments have been entered against both.  (Dkts. 18, 33).

Plaintiff filed this declaratory judgment action on May 25, 2016. (Dkt. 1.) The Court denied defendants Gary, Jamaal Wright, and Will Wright's motion to abstain from exercising jurisdiction, and issued an order retaining jurisdiction over the action on April 20, 2017. (Dkt. 37.)

Plaintiff now files this motion for summary judgment to obtain a declaratory judgment that it is not obligated to provide liability coverage nor a defense to Johnson in the state case. Defendant Selective Insurance Company of America ("Selective") is the only defendant to have filed a brief in opposition to plaintiff's motion for summary judgment. (Dkt. 49.) Clora also submitted a brief opposing plaintiff's motion, but did so more than five weeks after the deadline to respond. (Dkt. 51). That brief was stricken from the record and the Court denied a subsequent motion for leave to file a brief opposing plaintiff's motion for summary judgment. (Dkt. 53.) The Court determines that oral argument is not necessary pursuant to E.D. Mich. Local R. 7.1(f)(2).

## II.  Legal Standard

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

4

to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may not grant summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (citing *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir. 2002)).

## III. Analysis

### A. The Contract Term is Ambiguous

Plaintiff's motion turns on whether the text of Exclusion 1.H is "clear [and] unambiguous." *See Anderson v. Liberty Ins. Co.*, No. 16-11356, 2016 WL 4089216, at *2 (E.D. Mich. August 2, 2016). It is not, and, accordingly, a declaratory judgment that Exclusion 1.H applies on these facts is inappropriate at this stage of the litigation.

Michigan law controls this dispute. *See Whitehouse Condo. Grp., LLC v. Cincinnati Ins. Co.*, 569 Fed. Appx. 413, 416 (6th Cir. 2014) (applying Michigan law in federal litigation regarding an insurance contract entered into and performed in Michigan). Under Michigan

5

law, a clause in an insurance policy is valid "as long as it is clear, unambiguous and not in contravention of public policy." *Anderson*, 2016 WL 4089216 at *2 (citing *Raska v. Farm Bureau Mut. Ins. Co. of Michigan*, 412 Mich. 355, 361-62 (1982)). An insurance policy clause is ambiguous when "its words may reasonably be understood in different ways." *Leonor v. Provident Life and Acc. Co.*, 790 F.3d 682, 687 (6th Cir. 2015) (citing *Raska*, 412 Mich. at 361-62). When determining whether the "terms used in an insurance policy" can be read in more than one way, courts give the terms "their commonly used meanings." *Group Ins. Co. of Mich. v. Czopek*, 440 Mich. 590, 596 (1992) (citing *Fireman's Fund Ins. Cos. v. Ex-Cell-O Corp.*, 702 F. Supp. 1317, 1323 n.7 (E.D. Mich. 1988)). Courts "construe the contract in favor of the insured if an ambiguity is found." *Henderson v. State Farm Fire and Cas. Co.*, 460 Mich. 348, 354 (1999).

But, courts must be careful not to "hold an insurance company liable for a risk it did not assume." *Hunt v. Drielick*, 496 Mich. 366, 373 (2014). That said, the insurer "bear[s] the burden of proving an absence of coverage." *Id.* "Whether a contract's terms are ambiguous is a question of law for the court to decide." *Scott v. State Farm Fire and*

6

*Cas. Co.*, 86 F. Supp. 3d 727, 733 (E.D. Mich. 2015) (citing *Whitehouse Condo. Grp.*, 569 Fed. Appx. at 416)).

Plaintiff argues there is only one way to read Exclusion 1.H and, therefore, it is unambiguous. (Dkt. 44 at 15-16.) According to plaintiff, Exclusion 1.H is meant to exclude coverage when the person insured uses the insured vehicle for business purposes without first informing plaintiff of the business purpose for which the vehicle is to be used. (*Id.*)

This is a plausible reading of the language in Exclusion 1.H. Plaintiff has "no duty to defend and do[es] not provide liability coverage for any insured" who is "maintaining or using any vehicle while that insured is employed or otherwise engaged in any business." (*Id.*) However, the exclusion does not apply "to business use of a covered auto by an insured that has been disclosed to [plaintiff] and for which all applicable premiums have been paid." (*Id.*) This language disclaims coverage when the insured is using "any vehicle" while "engaged in any business" unless the insured first discloses the "business use of a covered auto." (*See id.*) In other words, this exception excludes

7

coverage when the insured uses a vehicle for business purposes without first informing plaintiff of the intent to do so.

Here, Johnson drove Whitaker's insured vehicle, with permission from Whitaker, while "engaged in [] business." (Dkt. 44 at 11.) Under this construction and these facts, coverage would be excluded if Whitaker failed to notify plaintiff of the commercial use of the vehicle.

However, this is not the only reasonable reading of Exclusion 1.H. Selective offers an equally plausible construction of Exclusion 1.H. (Dkt. 49 at 18.) It is reasonable to read Exclusion 1.H to exclude coverage when the insured is driving any car for business purposes unless that car is covered under the insurance policy and the business use has been disclosed to plaintiff. The first sentence of Exclusion 1.H refers to "[m]aintaining or using *any vehicle*" for business purposes while the exception to the exclusion contained in the next sentence applies when the "business use [is] of a *covered auto*." (Dkt. 44 at 105-6 (emphasis added).) Thus, instead of excluding coverage when the insured car has a driver other than the insured in a business context, Exclusion 1.H could apply to the insured person specifically and prevent plaintiff from providing coverage when the insured is driving a car not

8

covered by the policy. In other words, by referring to "any vehicle" in the first sentence, Exclusion 1.H could disclaim coverage in situations where the insured causes damage while driving his or her employer's car, not in situations where the covered vehicle is being used for business purposes by a driver other than the insured. In fact, the exception to the exclusion specifically allows coverage to continue if the car being used for business purposes is a "covered auto." (Dkt. 44 at 106.) If the drafters of Exclusion 1.H had intended to disclaim coverage when a "covered auto" was being used for business purposes, they would have used the phrase "covered auto" in the first clause of the exclusion rather than the phrase "any auto."

Under this construction of the language in Exclusion 1.H, Whitaker would be entitled to indemnification and a defense provided by plaintiff. Here, Whitaker's car was involved in an accident, but he was not the driver. Nor was Whitaker driving "any vehicle" for business purposes when the accident occurred. Since, under this construction, Exclusion 1.H only applies when the insured is driving a vehicle for business purposes not covered by the policy, it would have no applicability to Johnson, or otherwise, on these facts.

9

Because the plain language of Exclusion 1.H can "reasonably be understood in different ways," the language at issue is ambiguous. *See Raska*, 412 Mich. at 361-62. Accordingly, a reasonable juror could find that plaintiff either is or is not obligated to provide coverage to Johnson, and therefore summary judgment is not appropriate.

### B. Plaintiff Failed to Carry Its Evidentiary Burden

Even if plaintiff is correct that its interpretation of Exclusion 1.H is the only possible interpretation, plaintiff failed to provide the court with sufficient evidence to demonstrate that the exclusion applies.

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). To demonstrate the absence of a genuine dispute, the moving party must "support the assertion by: citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed R. Civ. P. 56(c)(1). Thus, the inquiry is "whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party

producing it, upon whom the *onus* of proof is imposed." *Anderson*, 477 U.S. at 252.

Plaintiff's construction of Exclusion 1.H disclaims coverage when the insured vehicle is used for business purposes and the insured fails to inform plaintiff of the business use. The insured's failure to inform plaintiff of the business use of the vehicle is a necessary condition for triggering Exclusion 1.H. Thus, to obtain summary judgment, plaintiff was obligated to provide the Court with evidence indicating that the insured, Whitaker, failed to inform plaintiff of the business use of the automobile. Plaintiff's brief in support of its motion for summary judgment provides no such evidence, nor does it allege that Whitaker failed to inform it of the business use of the covered auto. (Dkt. 44 at 15-17.) Plaintiff failed to carry its evidentiary burden, and summary judgment is denied.

### IV. Conclusion

Exclusion 1.H in the insurance contract at issue is ambiguous, and, even if it were not ambiguous, plaintiff failed to carry its evidentiary burden on summary judgment. Accordingly, and for the reasons set forth above, it is hereby ordered that:

Plaintiff's motion for summary judgment (Dkt. 44) is denied.

IT IS SO ORDERED.

Dated: September 22, 2017　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 22, 2017.

　　　　　　　　　　　　　　　　s/Shawna Burns
　　　　　　　　　　　　　　　　SHAWNA BURNS
　　　　　　　　　　　　　　　　Case Manager